Turley, J.
delivered the opinion of the' court.
This is a bill filed to rescind a contract for the sale of a negro girl, slave, sold by the defendant to the complainant, upon the alleged ground of a fraudulent warranty of soundness on the part of the vendor.
It appears that the negro sold, was a girl, about six years old;' that, the contract was made on the 22d day of April, 1839, and a bill of sale executed by the defendant, ,in which is contained a warranty of title and soundness..
The bill was filed on the 2d day of March, 1841, and charges, that the slave sold whs ofimbecile intellect, amounting to idiocy, or so nearly s'o, as to render her valueless, and a charge and burden upon the vendee, which was known to the vendor at the time of the salé, and the fact fraudulently withheld and misrepresented by him. .All this the answer expressly denies.
■ There is much proof taken, both by the complainant and defendant, upon the points in controversy between them, viz, the soundness of the intellect of the slave, and the fraudulent warranty thereof.
We do not deem it necessary to enter into a minute investí-, gation of the testimony adduced on the part of the prosecution *509 and defence: it. is various if not contradictory, and under the circumstances of the case, leaves it, in our opinion, doubtful, whether the intellect of the slave be of such a character as is warranted by the defendant; and in such case, the party claiming to be agrieved, must be left to his remedy if he have any at law.
The different grades of intellect being so various from the highest to the lowest, the law does not, as it cannot, in controversies of this kind, weigh and pronounce how much or how little of it must exist to constitute a performance or breach of the warranty. The want of intellect must be of such a character as disqualifies from the performance of the ordinary duties of life, and renders the person afflicted therewith an irresponsible agent. -This we cannot at present say is the.condition of the slave sold to the complainant by the defendant.
The immature age, the nature of instruction received and the quantum of intellect (moderate as it is) displayed by the girl, all-prevent the court from saying, that she is devoid of intellect to such an extent as to entitle the complainant to a 'recision of his’ contract. The developement of intellect varies as to time, and is materially dependent upon the amount of instruction received, and the intelligence and habits of associates. Therefore independent of a natural difference in the strength of-mind in different individuals, a precocity of one may be forced by culture, and an advancement of another hindered and delayed by the ignorance and incapability of those to whom the care of its early years is entrusted.
In the case under consideration, the slave was sold at the very immature age of six years. She had beén brought up to that period altogether with negroes, having had little or n"o communication whatever with white persons, and of course her means of instruction must have been exceedingly limited, and a consequent shyness of manners in an intercourse with strangers was to be expected; and to this may, in all probability, be attributed all the conduct which the different witnesses have testified to as evidence of want of sufficient • natural capacity.
.. The individual who sold the girl to the defendant, séems not to have supposed her deficient in this respect; but attributed *510 her apparent deficiency to the manner in which she had been brought up, and to obstinacy or mulishness, as he called it, and so informed the defendant, and the defendant so informed the complainant. And in addition to all this the complainant kept possession of her for nearly two years before filing this bill, and in the interim, on different occasions, proposed to sell her to others, and represented her as sound. Now, it is true that these representations do not conclude him from his remedy against the defendant, if he were imposed upon by his fraudulent warranty. Yet they are evidence against him, and entitled to weight upon the question of soundness of her intellect; and it is with rather a bad grace that he attempt, to protect himself from their influence, by stating them to-have been untrue.
But if the court felt that it was warranted by the proof, in finding that there was a deficiency in intellect in the slave, amounting to idiocy, it still would not be enabled to grant the relief sought by the complainant; for there is no satisfactory proof that this warranty of soundness, if untrue, was fraudulently made, which we have held to be necessary to give a Court of Chancery jurisdiction; the remedy, in absence of fraud, being at law upon the warranty.
We, therefore, affirm the decree of the Chancellor, but under all the circumstances of the case, dismiss the bill without prejudice to the complainant’s right to sue at law, if, upon a further developement of facts in relation to the subject, he should think proper soto do.